SCHEB, Chief Judge.
Appellants Ronald and Kenneth Elliott appeal their convictions for selling a rebuilt motor vehicle without first surrendering the title certificate so that the De *650 partment of Highway Safety and Motor Vehicles could note on it that the vehicle was rebuilt. We find no merit to appellants’ contention that the state failed to establish that they intended to violate section 319.14(1), Florida Statutes (1979). Accordingly, we affirm their convictions.
Ronald Elliott was also charged with violating section 319.33(1), which prohibits making false statements in an application for a title certificate. We find that the evidence was insufficient to establish that he violated that section, and we reverse this conviction.
Earl and Betty Pitts, residents of Mississippi, were involved in an automobile accident in which their 1979 Oldsmobile was badly damaged. Their insurer, Kemper Insurance Company, declared the automobile a total loss and settled with the Pitts on that basis. The company completed a salvage information sheet on the Pitts vehicle. The vehicle was then sold in an automobile auction.
Kenneth Elliott purchased the wrecked Oldsmobile, along with several other cars, at an auction in Mississippi and transported it to his place of business in Florida. Lewis Rogers observed the car in its damaged condition and agreed to buy it if Elliott made the necessary repairs. Once the repairs were completed, Rogers took possession of the automobile and Ronald Elliott applied for a new title to be issued in Rogers’ name. The title application form required appellant to indicate whether the vehicle was new or used and to name the prior owner. Appellant indicated that the vehicle was used and that he had obtained it from Earl or Betty Pitts.
The state charged appellant with violating section 319.33(l)(e) by making a false statement in an application for a title certificate. The information stated:
In an application for a certificate of title prepared on behalf of one Lewis Rogers the said Ronald Elliott did state that he had acquired said 1979 Oldsmobile motor vehicle in a used condition from Earl or Betty Pitts, Meridian, Mississippi, knowing said statement to be false in that the said motor vehicle had actually been acquired in a wrecked or salvaged condition from the Kemper Insurance Company, Jackson, Mississippi, and/or Mississippi Salvage Disposal Company and had been rebuilt and sold to Lewis Rogers ....
Section 319.33(l)(e) provides:
It is unlawful:

To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this law or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application.
We find that the state failed to meet its burden of proof. The information first alleged that appellant falsely stated that the automobile was acquired in a used condition. The Application for the Certificate of Title provided only two boxes to indicate the vehicle’s condition; new or used. No space was provided where the applicant could indicate that the vehicle was wrecked, salvaged, or rebuilt. Thus, the fact that appellant checked the used box did not constitute a false statement.
The information also alleged that appellant falsely stated that he acquired the automobile from Mr. or Mrs. Pitts. At trial the insurance adjuster who handled the Pitts’ claim testified that the title was never transferred from the Pitts to Kemper Insurance or to the salvage company. Instead, the Pitts signed a power of attorney permitting a Kemper manager, W. T. Blevins, Jr., to transfer the vehicle on their behalf as their attorney in fact. A Mississippi title which stated that Earl or Betty Pitts were the owners and contained an assignment of title form signed “Earl A. or Betty J. Pitts, by W. T. Blevins, Jr.” was forwarded to appellant after he purchased the vehicle from the salvage company. Thus the documents gave no notice that anyone other than Earl or Betty Pitts owned the vehicle. Since no evidence was offered at trial to establish that the insurance company or the salvage company was, *651 in fact, the title owner of the vehicle, the state failed to prove that appellant made a false statement in the title application.
Accordingly, we vacate Ronald Elliott’s conviction for violating section 319.33(l)(e).
CAMPBELL and SCHOONOVER, JJ., concur.